Stacey BLAKE, Plaintiff,

v.

James BATMASIAN, an individual d/b/a Investments Limited, and individually, and Marta Batmasian, an individual d/b/a Investments Limited and individually Defendants.

CASE NO. 15-81222-CIV-MARRA

United States District Court, S.D. Florida.

Signed September 22, 2016

Chelsea A. Lewis, Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Plaintiff.

Bridget Ann Berry, Greenberg Traurig, West Palm Beach, FL, Heather Elise Kruzyk, Jennifer Boussy Carroll, George Louis Sigalos, Simon & Sigalos, LLP, Boca Raton, FL, for Defendants.

## ORDER CONCERNING NOTICE OF LAWSUIT AND NOTICE OF CONSENT FORMS

Kenneth A. Marra, United States District Judge

This Cause is before the Court upon Plaintiff Stacey Blake and opt-in Plaintiff Karla Sotomayor's (collectively "Plaintiffs") Motion To Have Proposed Notice of Lawsuit for Overtime Wages and Notice of Consent [sic] ("Motion"), filed July 18, 2016. (DE 177.) Attached to the Motion are the Notice of Lawsuit for Overtime Wages form ("Notice of Lawsuit" form) and Notice of Consent form proposed by Plaintiffs (DE 177-1, 177-2), as well as a redline copy showing Defendants' proposed changes (DE 177-3).

As presented in the Motion, the two main issues of contention concerning the proposed Notice of Lawsuit form and Notice of Consent form are as follows: (1) the date that the Notice(s) of Consent forms need to be returned by the opt-in members, and (2) the beginning date of the class period, i.e. August 6, 2012 (as Plaintiffs propose) or June 23, 2013 (as Defendants do).

Defendants filed a response to the Motion, along with their updated proposed forms, on July 25, 2016 (DE 184, 184-1), and Plaintiffs filed a reply in further support of the Motion on August 1, 2016 (DE 193). The Court has carefully considered the parties' arguments and is otherwise fully advised in the premises.

## I. BACKGROUND

In July 2015, Plaintiff Stacey Blake filed an action against Defendants in state court alleging violations of the overtime provisions of the FLSA. On August 6, 2015, Plaintiff Blake filed in state court an Amended Complaint and a Motion to Permit Court Supervised Notice of Employees of their Opt-in Rights ("Motion for Conditional Certification"). (DE 1-2 at 49.) In the same month, this action was removed to this Court. On October 8, 2015, Defendants filed a Response in this Court in opposition to the Motion for Conditional Certification. (DE 18.) On October 12, 2015, Plaintiff Blake filed a Reply in this Court in further support of the Motion for Conditional Certification. (DE 20.)

On June 23, 2016, this Court issued an Order granting in part and denying in part Plaintiff's Amended Motion to Permit

Court Supervised Notice of Employees of their Opt-in Rights. (DE 150.) The Court conditionally certified a class of commercial leasing agents who worked for Defendants from three years preceding the date of said Order to the present, but denied the motion to the extent it sought conditional class certification of Defendants' employees other than leasing agents. (*Id.* at 15.) Because the parties were unable to reach an agreement on the proposed forms to be sent to the potential opt-in members, Plaintiffs filed a Motion seeking approval of the proposed forms, which is now pending before the Court.

## II. DISCUSSION

### A. Due Date for Notices of Consent

■ The first issue before the Court is the deadline by which the opt-in plaintiffs who wish to join this lawsuit must complete, sign, and mail the Notice of Consent forms back to the Court. While Defendants argue that a twenty-one (21) day period is sufficient, Plaintiffs suggest that a forty-five (45) day period is more appropriate. This Court agrees that a forty-five (45) day period is a vastly more appropriate, given that the Notices of Consent forms must be mailed and the opt-in plaintiffs must consider whether they wish to join this lawsuit, make an informed decision, and return the Notice of Consent forms all in a timely manner within the specified time frame.

Defendants' proposed abbreviated time period took into account the then-impending discovery deadline. However, since the briefing on this Motion, this Court granted Defendants' unopposed motion to extend

the discovery period as to any opt-in plaintiffs who may opt-in to this action after the close of the discovery period. (DE 250.) Under that Order, Defendants were granted forty-five (45) days from the close of the opt-in period in which to conduct discovery and depose any additional opt-in plaintiffs who may opt-in to this action after the close of the discovery period. Hence, Defendants will suffer no prejudice by the forty-five (45) day period of time requested by Plaintiffs. Accordingly, on the Notice of Consent forms (DE 177-1), the date "September 15, 2016" shall be replaced with the date "November 7, 2016."

### B. Beginning Date of Class Period

The next issue for the Court's consideration is the beginning date of the class period. Plaintiffs propose a beginning date of August 6, 2012,[1] which marks three years prior to the filing of the Amended Complaint and the Motion for Conditional Certification in state court. Defendants propose a beginning date of June 23, 2013, which is three years prior to the filing of the Court's Order on the Motion for Conditional Certification. The variance in the proposed dates reflects Plaintiffs' position that the opt-plaintiffs are entitled to equitable tolling during the time in which the Motion for Conditional Certification was pending.

■ " 'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir.1998). Unless ex-

---

1. Plaintiffs' actual proposed date of August 2, 2012 appears to be a typographical error because based upon this Court's review of the state court docket, nothing was filed (three years later) on August 2, 2015, which was, incidentally, a Sunday. (DE 1-2, at 5.) It ap-

pears that Plaintiffs intended to use the date of August 6, 2012, which is three years prior to the date when the Amended Complaint was filed. Defendants alerted Plaintiffs to the discrepancy (DE 184 n.2), but Plaintiffs failed to respond to the noted discrepancy.

plicitly stated otherwise by statute, equitable tolling should be "read into every federal statute of limitations."

■■■ *Id.* Equitable tolling should be "applied sparingly" by the courts. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000). Equitable tolling is available and appropriate where the plaintiff untimely files her complaint because of "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999). The burden rests with a plaintiff to show that equitable tolling is warranted. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993).

■ Plaintiffs posit that, at least at this juncture, the Court need not render a ruling on the issue of whether the opt-in plaintiffs are entitled to equitable tolling due to the pendency of the Motion for Conditional Certification or any other basis. Rather, Plaintiffs are asking this Court to permit notice of the action be sent to individuals who worked as leasing agents for Defendants as early as three years prior to the filing of the Amended Complaint, rather than just the three years preceding the date of the Order on the Motion for Conditional Certification, and then decide the issue of equitable tolling issue at a later time after the completion of discovery. The Court concludes that it is prudent to "err[ ] on the side of overinclusiveness and d[oes] not want to exclude potential claimants prematurely." *Pendlebury v. Starbucks Coffee Co.*, No. 04–80521–CIV, 2008 WL 700174, at *4 (S.D.Fla. Mar. 13, 2008). Accordingly, this Court will permit notice of the action to be sent to individuals who worked for Defendants extending back to three years prior to the filing of the Amended Complaint, at this time. The Court will revisit the issue of equitable tolling after discovery upon a proper motion brought by the parties. However, the Court wishes to make clear that in adopting Plaintiffs' proposed beginning date for the class period, "[t]he Court [i]s not making an implicit decision that the statute of limitations should be tolled." *Id.* Based upon the foregoing, this Court directs that the "Notice of Lawsuit" form should read "during the time period August 6, 2012 to the present."

**C. Remaining Issues**

In Defendants' proposed forms (DE 184-1), Defendants make several minor changes to Plaintiffs' proposed forms, which serve to, among other things, delete the unnecessary verbiage in Plaintiffs' forms, alert the opt-in members to their option of choosing their own attorney, and advise the opt-in members of the possibility that a final judgment in this action might result in a lack of monetary relief against Defendants. The Court finds Defendants' proposed changes to be fair and reasonable to the potential opt-members and the parties in this action. Accordingly, with the exception of the two issues identified above, this Court accepts Defendants' proposed changes to Plaintiffs' forms in their entirety.

**III. CONCLUSION**

In conclusion, this Court adopts Plaintiffs' proposed forty-five (45) day period of time for the return of Notice of Consent form, such that the date "September 15, 2016" shall be replaced with the date "November 7, 2016" on that form. Likewise, this Court adopts Plaintiffs' proposed date of August 6, 2012 for the beginning of the class period at this time, but will decide the issue of equitable tolling at a later time after the completion of discovery if raised by the parties. With the exception of those two issues, this Court accepts all of Defendants' changes to Plaintiffs' proposed No-

tice of Lawsuit form and the Notice of Consent form, as reflected in the Exhibit to Defendants' Response (DE 184-1).

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that upon Plaintiffs' Motion To Have Proposed Notice of Lawsuit for Overtime Wages and Notice of Consent [sic] (DE 177) is **GRANTED IN PART AND DENIED IN PART**, consistent with the dictates of this Order.

**DONE AND SIGNED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of September, 2016.